600 S.E.2d 299

Joyce Vessey SWANSON, Plaintiff
Below, Appellee,

v.

THE BOARD OF EDUCATION OF THE
COUNTY OF PUTNAM, Defendant
Below, Appellant.

and

William HUGHES, Intervenor
Below, Appellee,

and

Joyce Vessey Swanson, Plaintiff
Below, Appellee,

v.

THE BOARD OF EDUCATION OF THE
COUNTY OF PUTNAM, Defendant
Below, Appellee,

and

William Hughes, Intervenor
Below, Appellant.

No. 31689, 31690.

Supreme Court of Appeals of West Virginia.

Submitted: June 9, 2004.

Filed: June 29, 2004.

Jason A. Poling, Esq., Tyson & Tyson, Huntington, for Joyce Vessey Swanson.

Gregory W. Bailey, Esq., Howard E. Seufer, Jr., Bowles Rice McDavid Graff & Love, PLLC, Charleston, for Putnam County Board of Education.

Kathryn Reed Bayless, Esq., Bayless Law Firm, PLLC, Princeton, for William Hughes.

PER CURIAM.

This is an appeal by the Board of Education of the County of Putnam from a judgment entered by the Circuit Court of Kanawha County in a school grievance proceeding. In entering judgment, the Circuit Court of Kanawha County reversed the decision of a hearing examiner, which, in effect, held that the Board of Education of the County of Putnam had properly chosen the intervenor, William Hughes, to be the principal of Winfield High School. The circuit court ruled that the Board of Education should have selected Joyce Vessey Swanson, the appellee in this proceeding, instead of Mr. Hughes. On appeal, the Board of Education claims that, as a matter of law, the circuit court erred in setting aside the hearing examiner's decision. The Board of Education also contends that the circuit court erred in requiring the submission of evidence which was not presented to the hearing examiner.

I.

FACTS

Unexpectedly, the principal of Putnam County's Winfield High School resigned just prior to the commencement of the 2001–2002 school year. Because the position was an important one, the superintendent of the Putnam County school system immediately initiated the process for the selection of a new principal. In conducting the process, the superintendent decided to dispense with an interview committee, which, it appears, was usually used in Putnam County in conjunction with the filling of school positions. The superintendent of schools also consulted with various teachers at Winfield High School.

The opening was announced in accordance with the law, and ultimately three individuals became finalists for the position. Two of the finalists are parties to the present proceeding. One, Joyce Vessey Swanson, was, at the time of applying for the position, principal at Buffalo High School. The other, the intervenor, William Hughes, was vice principal at the same school.

At the time of applying for the position in issue, both Ms. Swanson and Mr. Hughes had approximately 26 years seniority working with the Putnam County school system, and overall Ms. Swanson had approximately 28 years teaching experience, and Mr. Hughes had 28 years teaching and counseling experience. On the other hand, Ms. Swanson had 12 years administrative experience, whereas Mr. Hughes had only three. The superintendent of schools had previously interviewed each applicant and was acquainted with each.

To ensure that the highest qualified individual was selected to fill vacancies in the Putnam County school system, it appears that the Putnam County Board of Education adopted Policy P.1.12, which established hiring selection criteria. That policy specified certain objective factors which were to be considered in filling positions.. The factors included college transcripts, certification endorsements, experience in education, past evaluations, experience in the area of the application, physical and mental health, education degrees and additional hours beyond degrees, participation in seminars and workshops and recommendations and references. The policy also indicated that subjective factors derived from an interview could be considered. However, the policy indicated that any subjective evaluation should focus on a

candidate's past experience, ability, leadership and personality.

In conjunction with the application process, the superintendent of schools received summary sheets providing information relating to the objective factors enumerated in Policy P.1.12. The superintendent also interviewed both Ms. Swanson and Mr. Hughes upon relatively short notice. He did not make a record of the interviews, and it appears that he did not ask Ms. Swanson and Mr. Hughes identical questions.

At the conclusion of the selection process, the superintendent of schools concluded that both Ms. Swanson and Mr. Hughes were highly qualified, and he described both as "outstanding." He, however, based upon his subjective evaluation, concluded that Mr. Hughes was the more appropriate candidate and recommended that he be appointed the new principal at Winfield High School.

Ms. Swanson, who believed that she should have been nominated for the position, subsequently filed the grievance which instituted the present proceeding. Ultimately, the grievance proceeded to Level IV of the grievance proceeding, and a hearing examiner conducted hearings on the issues presented, and after the hearings, the hearing examiner concluded that Ms. Swanson had failed to prove by a preponderance of the evidence that the selection criteria, W. Va.Code 18A–4–7a, were not utilized or considered or that the decision to award the position to Mr. Hughes was arbitrary or capricious, and, accordingly, the hearing examiner denied the grievance.

Ms. Swanson appealed the hearing examiner's decision to the Circuit Court of Kanawha County. While the case was being considered, the circuit court requested additional information on the gender of secondary principals in Putnam County. Ultimately, the circuit court concluded that the Putnam County Board of Education had acted arbitrarily and capriciously in hiring Mr. Hughes instead of Ms. Swanson and that the interview process as conducted by the superintendent of schools "was not what it could have been or should have been as a matter of law." In reaching its conclusion, the circuit court noted that the superintendent indicated that

normally an interview committee of five or six people was established which formulated a list of questions and interviewed applicants. Instead, in the present case, the superintendent hastened the interview process by eliminating the committee and interviewing applicants without formulating standard questions and without setting forth scoring criteria for the answers. The court noted that the superintendent had failed to document any part of the interviews. Because the applicants' objective qualifications were close, the court believed that documentation of the interviews, which apparently formed the basis of the superintendents's subjective conclusions, was crucial.

In looking at the objective evidence, the court found that while the qualifications of the applicants were close Ms. Swanson was actually more qualified than Mr. Hughes. Specifically, the court found that both Mr. Swanson and Ms. Hughes had approximately equal total years of experience, degree level, endorsements on certificates, and evaluations. However, the court found that objectively Ms. Swanson had more experience as an administrator, including one year as a principal, and that Ms. Swanson had 36 areas of specialized training while Mr. Hughes had seven. Also, the court noted that Ms. Swanson had better grade point averages in undergraduate/graduate school than Mr. Hughes. On the other hand, the court noted that Mr. Hughes had slightly more overall seniority within the Putnam County schools. The court concluded:

> From the objective evidence, it is clear that the petitioner was more qualified. However, Superintendent Sentelle chose the intervener [sic] [Mr. Hughes] for the position based upon the subjectivity of the flawed interviews he conducted with both applicants. Superintendent Sentelle reasoned that the intervener [sic] had better "people skills." This court finds Superintendent Sentelle's subjective reasoning, as good as it might be, clearly not enough to keep the most qualified applicant out of the position, and, therefore, the ALJ's ruling is clearly erroneous as a matter of law.

In the present proceeding, the Board of Education of the County of Putnam claims

that the circuit court erred in reversing the hearing examiner's decision and that the court also erred in requesting evidence outside the administrative record developed in this case.

## II.

### STANDARD OF REVIEW

 Recently, in Syllabus Point 1 of *Cahill v. Mercer County Board of Education,* 208 W.Va. 177, 539 S.E.2d 437 (2000), this Court ruled that:

Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo.

Further, W. Va.Code 18-29-7 indicates that the decision of hearing examiner should be final unless it is contrary to the law or exceeds the hearing examiner's statutory authority or is the result of fraud or deceit, or is clearly wrong in view of the reliable, probative and substantial evidence of the record as a whole, or is arbitrary, capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

## III.

### DISCUSSION

West Virginia Code 18A-4-7a provides specific criteria for the transfer of personnel within a county school system. The specific section of the Act relating to the filling of a principalship, which is a position other than

that of a classroom teacher, is W. Va.Code 18A-4-7a(a). That provision states: "A county board of education shall make decisions affecting the hiring of professional personnel other than classroom teachers on the basis of the applicant with the highest qualifications."[1]

 Although this Court has recognized that county boards of education have substantial discretion in the hiring, assignment, transfer and promotion of school personnel, the Court has recognized that this discretion must be exercised reasonably and in the best interest of the school, and in a manner which is not arbitrary and capricious. *Dillon v. Board of Education of the County of Wyoming,* 177 W.Va. 145, 351 S.E.2d 58 (1986). Further, the Court has stressed that a board of education, in managing a school system, must abide by its own policies and rules. *See, Trimboli v. Board of Education of County of Wayne,* 163 W.Va. 1, 254 S.E.2d 561 (1979).

 To ensure that the highest qualified individuals were selected to fill vacancies in the Putnam County school system, it appears that the Putnam County Board of Education adopted Policy P.1.12, which established hiring selection criteria. That policy specified that certain objective factors were to be considered in filling positions. These factors included college transcripts, certification endorsements, experience in education, past evaluations, experience in the area of the application, physical and mental health, education degrees and additional hours beyond degrees, participation in seminars and workshops and recommendations and references. The policy also indicated that subjective factors derived from an interview could be considered. However, the policy also stipulated that any subjective evaluation should focus on a candidate's past experience, ability, leadership traits, and personality.

It appears that the Board of Education in the present case elicited information on the objective factors set forth in Policy P.1.12.

---

**1.** A classroom teacher is defined by W. Va.Code 18A-1-1 as: "[A] professional educator who has direct instructional or counseling relationship with pupils, spending the majority of his or her time in this capacity." On the hand, the same Code section defines a principal as: "[A] professional educator who, as agent of the county board, has responsibility for the supervision, management and control of a school or schools within the guidelines established by the county board. The major area of the responsibility shall be the general supervision of all the schools and all school activities involving pupils, teachers and other school personnel."

Specifically, the Board of Education requested that the applicants provide information relating to the areas of endorsement on their teaching certificates, and it requested information relating to the applicants' total years of experience, as well as information on their experience in the administrative area. It also requested information on the applicants' prior evaluations, their education, degrees, additional hours beyond degrees, and their participation in seminars, workshops, etc.

As has previously been stated, the Circuit Court of Kanawha County, after analyzing the information submitted relating to the objective criteria, concluded that Ms. Swanson and Mr. Hughes were equally qualified in four general categories. In three others, Ms. Swanson was better qualified than Mr. Hughes. As a consequence, the court concluded that on the basis of the objective criteria, Ms. Swanson was better qualified than Mr. Hughes. The court also noted that the Board of Education pointed to subjective criteria as providing the basis for the decision to select Mr. Hughes.

It is obvious from a reading of the court's decision that the court was concerned that the Superintendent of the Putnam County Board of Education did not follow the common Putnam County practice of establishing and utilizing an interview committee and did not systematically evaluate the subjective strengths and weaknesses of Ms. Swanson and Mr. Hughes. The court specifically noted that the Superintendent did not select an interview committee, and the court also noted that different questions were asked Ms. Swanson and Mr. Hughes during the interview process, that the Superintendent of Schools made no record of the actual responses or what occurred. Finally, that the Superintendent did not score or in any sort of objective manner evaluate the responses obtained during the interview process.

Given the absence of a record as to what occurred during the interview process, it is not plain that the subjective evaluation conducted by the Superintendent of Schools was based upon past performance, ability, leadership and personality, as required by Putnam County Board of Education Policy P.1.12., or that the superintendent of schools actually conducted the subjective evaluation as contemplated by the Policy.

After reviewing the record, this Court believes that the circuit court was correct in concluding that from an analysis of the objective criteria established by the Putnam County Board of Education itself, Ms. Swanson was better qualified than Mr. Hughes for the position opening. Certainly Ms. Swanson had more administrative experience than Mr. Hughes since the record shows that she had twelve years of administrative experience while he had only three. Additionally, Ms. Swanson had 36 areas of specialized training while Mr. Hughes had only seven.

It appears that the circuit court concluded that the superintendent of schools did not follow established procedures in conducting the subjective evaluation in this case and did not evaluate the factors in accordance with the guidelines of Policy P.1.12. In effect, the court concluded that the board of education did not reasonably exercise its discretion in evaluating the applicants.

While this Court believes that the facts of this case are close, the Court also believes that there was a sufficient factual record for the circuit court to conclude that the Board's selection process was arbitrary and involved an abuse of discretion.

The Court notes that the appellants claim that the court erred in requesting information outside the record. Rather plainly, W. Va.Code 18–29–7 requires a circuit court, in a case such as the present one, to rule based upon the record made before the hearing examiner. However, nothing in the record of the present case shows that the circuit court ruled on the basis of anything outside the hearing examiner's record. Consequently, the Court believes that any error in the circuit court's requesting additional evidence was harmless error.

## IV.

## CONCLUSION

For the reasons stated, the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.